Argued November 28, 1958, affirmed January 14, 1959

## STINSON *v.* McDANIEL

333 P. 2d 902

*John O. Sheldahl* argued the cause for appellant. On the briefs were Sheldahl & Misko, Oregon City.

*John R. Latourette* argued the cause for respondent. On the brief were Latourette & Latourette, Portland.

Before PERRY,[*] Chief Justice, and LUSK, WARNER and SLOAN, Justices.

SLOAN, J.

This is a suit seeking the dissolution of a partnership between these parties and an accounting of the partnership financial affairs. Defendant appeals from the decree of the trial court. We believe the parties will be better identified by referring to plaintiff-respondent as Stinson and defendant-appellant as McDaniel. There are four assignments of error, the first two of which involve the same issue. A brief review of the factual background is necessary to understand these assignments.

Prior to September 22, 1952, McDaniel was a Hudson automobile dealer in Gladstone and owned and operated a garage and other complete facilities necessary to engage in the business of the sales and servicing of automobiles. On that date the two parties entered into a written contract by the terms of which Stinson agreed to purchase a one-half interest in McDaniel's business for a total of $20,000. One-half of this sum was paid on that day, the remaining one-half to be paid within 60 days thereafter. After September 22, 1952, the parties were deemed to be the equal owners of all the assets formerly owned by McDaniel alone and to be equal partners in the operation of the business. On about the 60th day, or about November 22, 1952, Stinson notified McDaniel that he was withdrawing from the partnership and would not pay the additional $10,000. A few days later McDaniel filed

---

[*] Chief Justice when case was argued.

a suit to require specific performance on the part of Stinson. To this complaint Stinson answered by seeking a rescission of the contract on allegations that fraud on the part of McDaniel induced Stinson to enter into the agreement. Issue was made by McDaniel's reply to this cross complaint and trial was had. The court, after hearing the evidence, entered a decree in that proceeding by which it allowed an "involuntary nonsuit" of Stinson's answer and cross complaint and dismissed it. The court likewise entered an order of "voluntary nonsuit" as to McDaniel's complaint for specific performance and dismissed the complaint. Stinson did not appeal from that "decree."

A few days after that disposition of the proceeding just described, Stinson filed the present suit seeking an accounting and dissolution of the partnership. A preliminary motion and demurrer were leveled at this complaint, both overruled, and then approximately 10 months after the filing of the complaint herein McDaniel filed his answer. By affirmative allegations thereof McDaniel alleged that by his former pleading and conduct seeking rescission Stinson had elected to disaffirm the partnership agreement; that the present suit for accounting was inconsistent with such an election, and Stinson was thereby bound by the unsuccessful attempt to effect a rescission and was without right to seek further relief. This was and is the principal defense and contention of McDaniel in this proceeding and is the basis for his first two assignments of error. We find no merit in these assignments.

This court has subscribed to the "better reasoned, modern pronouncements on the subject." *Sheppard v. Blitz,* 177 Or 501 at 511, 163 P2d 519. That opinion quotes (at 177 Or 509) § 68, subs. (2) of the Restatement of the Law of Restitution, page 275, and gives

equal emphasis to the "Comment on Subsection (2)." We believe the rule stated in the Comment is particularly applicable here:

> " '* * * a statement that one disaffirms, or ineffectual attempts to obtain what has been given, are not conclusive. Likewise, bringing a proceeding for restitution which, for any reason, is unsuccessful, does not prevent further proceedings or further action based upon the validity of the transaction.' " (p 282)

■ The ineffectual attempt to gain a rescission of a partnership contract could not be held to be so inconsistent with a partnership accounting as to permit the successful partner to retain all the assets without any accounting or division thereof. We concur in the trial court's denial of this contention.

■ McDaniel's third assignment presents the other principal issue of this case. It is a general assignment claiming that the trial court failed to do equity when it found that Stinson was entitled to an award of $4,949.89, which the court allowed. We are presented with a factual argument asserting errors committed by the trial court in its determination of the accounting. Preliminary to a discussion of the merits of this assignment we should note that from the time Stinson withdrew from the partnership on about November 22, 1952, to the final hearing on this matter in the trial court in April of 1955, McDaniel was in sole possession of the assets and records of the partnership. It was not until August 13, 1954, that an order was entered requiring McDaniel to account. The order specified that December 13, 1952, was the date of dissolution. McDaniel contended that following Stinson's departure he was engaged in the "winding up" of the partnership business. Stinson contended that McDaniel was not winding up the business but was continuing it for

McDaniel's benefit. The effect of the court's decree was to sustain Stinson's contention. By its decree the lower court found the book value of the partnership assets and indebtedness as of December 13, 1952, and awarded Stinson the judgment against McDaniel of $4,949.89, subject to some minor adjustments not necessary to mention. This amount was determined to be the net value of Stinson's interest in the partnership as of December 13, 1952. McDaniel asserts the court erred in not allowing losses sustained in the disposal of certain of the partnership assets during the interval of time mentioned. If McDaniel were "winding up" then the provisions of ORS 68.600, subs. 1, apply and the partners would be entitled to a division of the cash remaining after a liquidation of the assets and the satisfaction of creditors and liabilities. In this case McDaniel claims he is entitled to damages for wrongful dissolution as provided by subs. 2.a.(2) of 68.600. We consider the allegations of wrongful dissolution later in this opinion. If McDaniel was not winding up but was continuing the business then subs. (2)b. and 2.c.(2) of ORS 68.600 apply in which event Stinson would be entitled to have the value of his interest in the partnership at dissolution determined and either paid or the later payment secured to him. As mentioned, the trial court, in effect, applied the last mentioned subsections. This is basically a factual question and to reverse the trial court and sustain this assignment we must find that McDaniel was actually in the process of liquidation following the date of dissolution. That we cannot do.

It is recognized that there is evidence to that effect. However, it is not conclusive nor sufficiently persuasive to reverse the trial court. True, the evidence discloses that McDaniel disposed of certain of the as-

sets in a manner indicating a "winding up" process. However, shortly after the date of dissolution he formed another partnership in which many of the assets here involved were included and used. The evidence presented to show a segregation of these assets from those of the new partnership was not satisfactory.

We will mention one other omission we believe is sufficient to dispose of this contention. Not once during this long interval between the filing of the complaint in this proceeding and its ultimate determination did McDaniel present to the court or Stinson or the latter's counsel any segregation or listing of the assets he was purporting to liquidate nor the method or proposed course of liquidation. He did not seek any court order directing the method or manner of the disposition of such assets. Such a procedure to convincingly evidence liquidation was available to him at all times. We believe that any partner engaged in a good faith liquidation under these circumstances owed the duty to at least advise the court and other party to the proceeding of the actions he was taking. It would have been relatively simple to have filed with court and counsel an inventory of the assets to be disposed of and the proposed method of disposition. As indicated, nothing was done until after August 13, 1954, and then only following a court order demanding the production of the books and records before a day certain. Instead McDaniel apparently relied on the proposition that Stinson's attempted rescission deprived Stinson of any right to the assets and that he (McDaniel) could treat the business as his own. In the final hearing he did not account for the disposal of the new cars that were sold during this time, apparently at a profit. He only endeavored to establish the items upon which a loss was suffered. The evidence did not present a complete

accounting to the trial court, nor accordingly, to us from which a finding of the total result of the alleged liquidation could be made. We conclude that the trial court utilized the only positive evidence available to it in arriving at the conclusion appealed from. The result accomplished substantial equity between the parties and we concur in the determination made by the trial court.

■ Particular emphasis was placed upon the valuation the trial court ascribed to certain used automobiles. Our review of the evidence convinces us that the value allowed by the trial court was as favorable as McDaniel could expect. Other error is assigned for failure of the trial court to award damages to McDaniel for alleged wrongful dissolution of the partnership by Stinson, as provided by subs. 2.a.(2) of ORS 68.600. We think there is insufficient evidence to sustain a finding that Stinson acted wrongfully. No evidence was presented to show that Stinson did not effect the dissolution in a good faith belief that he had been duped. We are not informed as to the reason the trial court dismissed his cross complaint for rescission. It is just as likely to assume that the court concluded that rescission was not the proper remedy as it is to assume that no fraud was established. The fact that the entire proceeding terminated in dismissal indicates a determination by the court that neither specific performance nor rescission would resolve the matter, but that only an accounting as provided by statute would be adequate. Even assuming, however, that Stinson's conduct was wrongful there is no evidence from which the court could have found any accurate amount of damage. The only evidence would require pure speculation to guess at the amount of damage, if any, that McDaniel sustained.

The decree is affirmed without costs to either party.